IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01179-NRN

YAHAIRA ALVAREZ, BEKURE AMEHAYES, KAYLA ANDERSON, AYONNA BROWN, TERA CLAY, LACHRISTY COLBERT, LYNN ANN COOPER, DONNA CORPORON, KATHERINE DECATUR, EVELYN DELGADO, TIFFANY DENBY, BEVERLY DILBECK, DESTINY DUMAS, LASCHELLE FEATHERSTON-OLSON, CHRISTIAN FORD, LATASHA HAMILTON, CRYSTAL JULES, AISHA KING, JASLYN LANCLOS, JAHMELIA LEWIS, JESSE LEWIS, ISAAC LOPEZ, TAYZIA LOWENSTEIN, MONIQUE LYTTLE, JAZALENE MARSHALL, GABRIELA MELENDEZ, LATRICE ODOM, VICKI PATTERSON, MAYAH PERKINS-WILSON, SHARON PRESTON, JUNIOR PROPHETE, ERNESTO QUINTERO, KEISHA RICHEY, MARTIN SANJUAN, DINA SMITH, REFUGIO VILLASENOR, TARA WALBURGER, RIKKI WILLIAMS, and LORI WOODFORD,

    Plaintiffs,

v.

U.S. NURSING CORPORATION, d/b/a U.S. NURSING, a Colorado corporation,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT (ECF No. 33)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court upon the consent of the parties, ECF No. 26, and an Order of Reference Pursuant to 28 U.S.C. § 363(c) entered by Judge Daniel D. Domenico on July 9, 2025, ECF No. 28. Now before the Court is Defendant U.S. Nursing Corporation's ("Defendant" or "USN") Motion to Dismiss First Amended Complaint. ECF No. 33. Plaintiffs filed a response, ECF No. 36, and Defendant filed a reply, ECF No. 37. The Court heard argument on November 6, 2026. *See* ECF No. 39.

The Court has taken judicial notice of the case file and considered the applicable federal and state statutes and case law.

As set forth below, the Motion to Dismiss, ECF No. 33, will be **DENIED**.

I. **BACKGROUND**[1]

Plaintiffs are healthcare professionals who were recruited, hired, and paid by USN to perform short-term strike replacement assignments at Kaiser hospitals and clinics in California from September 28 to October 6, 2023. ECF No. 29 ¶¶ 1–2. The FAC alleges that USN, a Colorado corporation, "exercised centralized control over key terms and conditions of employment" over these non-exempt employees, commonly referred to as "strike nurses." *Id.* ¶¶ 2–3, 43.

Plaintiffs claim that USN knowingly failed to timely pay final wages in violation of California law. *See id.* ¶¶ 90–114 (detailing how individual Plaintiffs received at least one wage payment after his or her October 6, 2023 discharge). Plaintiffs further allege that "USN failed to compensate specific categories of work altogether—including early arrival time, onboarding hours, and meal period premiums." *Id.* ¶ 116. Plaintiffs also contend that USN improperly excluded their guaranteed compensation, daily per diem, and non-discretionary bonuses from the ""regular rate" calculation for purposes of computing overtime pay. *Id.* ¶¶ 132–58.

Plaintiffs assert claims under: (1) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay all overtime and to calculate the regular rate

---

[1] Unless otherwise noted, all factual allegations are taken from Plaintiffs' First Amended Complaint and Jury Demand ("FAC"), ECF No. 29, and are presumed to be true for the purposes of the motions to dismiss. Any citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

properly (Count I); (2) the California Labor Code ("Labor Code"), Cal. Lab. Code § 200 et seq., and Industrial Welfare Commission ("IWC") Wage Order No. 4-2001 for untimely final pay, unpaid minimum and overtime wages, meal period violations, and inaccurate wage statements (Counts II–VI); and (3) California common law for breach of contract based on unpaid wages (Count VII). Plaintiffs seek unpaid wages, statutory and civil penalties, liquidated damages, and attorney fees.

USN now moves to dismiss. USN argues that Plaintiffs' FLSA claim fails under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and requests that the Court decline to exercise jurisdiction over and/or dismiss the remaining state law claims.

## II. LEGAL STANDARD

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

### III. ANALYSIS

#### a. FLSA

USN's primary contention is that Plaintiffs' FLSA overtime claims are too generalized and not sufficiently individualized to state a claim under Rule 12(b)(6). The Court disagrees.

Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To prevail on a claim under § 207(a)(1), a plaintiff-employee must show "that he actually worked overtime in an amount that can be established by justifiable and reasonable inference," and "that the employer had actual or constructive knowledge of the overtime." *McGrath v. Cent. Masonry Corp.*, 276 F. App'x 797, 799 (10th Cir. 2008) (citing *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)); *see also Figueroa v. D.C. Metro. Police Dep't,* 633 F.3d 1129, 1134–35 (D.C. Cir. 2011) (characterizing essential elements as "that [employee] has performed work for which he was improperly compensated").

A few years ago, Judge Marcia S. Krieger discussed what is required to state a plausible claim in a multi-plaintiff FLSA case :

> Courts generally agree that, at a minimum, an FLSA plaintiff must allege facts showing that he or she worked for more than 40 hours in a workweek and was not paid the requisite premium pay. *See Lundy v. Catholic Health Systems of Long Island, Inc*., 711 F.3d 106, 114 (2d Cir. 2013). Beyond that, opinions have diverged in defining what additional factual averments are necessary to render an FLSA claim "plausible" under the *Twombly/Iqbal* standard.
>
> The Second Circuit requires the plaintiff to "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours." *DeJesus v. HF Management Servs. LLC*, 726 F.3d 85, 89 (2d Cir. 2013). The rule in the First Circuit is slightly different. In *Pruell v. Caritas Christi*, 678 F.3d 10, 13–15 (1st Cir. 2012), the court found that the bare assertion that "[plaintiffs] regularly worked hours over 40 in a week and were not compensated for such time" was insufficient (being "little more than a paraphrase of the statute"), but found that an amendment that combined an allegation that the plaintiffs engaged in "regular work . . . of more than 40 hours a week" plus the assertion that the employer "requires unpaid work through meal breaks due to an automatic timekeeping deduction," those allegations would suffice. In the Ninth Circuit, the standard varies yet again. In *Landers v. Quality Communications, Inc*., 771 F.3d 638, 645–46 (9th Cir. 2014), the Ninth Circuit held that there is no requirement that an FLSA plaintiff "approximate the number of hours worked without compensation," but did require that the plaintiff "allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours."
>
> The 10th Circuit has not addressed the sufficiency of pleading of the FLSA claim in the post-*Iqbal* world. This Court presumes that it would, like its many sister Circuit Courts, conclude that it is not sufficient for a plaintiff to simply offer only conclusory assertions that merely paraphrase the statute.

*Harris v. Davita Healthcare Partners, Inc*., No. 17-cv-02741-MSK, 2018 WL 3093322, at *3 (D. Colo. June 22, 2018). In the end, though, "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Here, the FAC contains more than bare allegations or conclusory assertions that merely paraphrase § 207. Plaintiffs allege that "[d]uring the week of their strike

5

assignment, Plaintiffs worked more than eight hours per day and over 40 total hours—including mandatory onboarding activities required by USN prior to the start of their scheduled strike shifts." ECF No. 20 ¶ 117. Specifically, "[e]ach Plaintiff spent no fewer than three full days—totaling approximately 24 to 30 hours—completing onboarding requirements." *Id.* ¶ 120. Plaintiffs were also "required to report early on each of the three strike days—October 4, 5, and 6—resulting in at least 3.75 hours of uncompensated but compensable time per Plaintiff." *Id.* ¶ 130. Thus, "[w]hen combined with their scheduled 12-hour shifts, each Plaintiff worked over 13 hours per day and more than 40 hours that week . . . ." *Id.* In total, then, Plaintiffs allege that, pursuant to a common USN policy, they each worked substantially more than 40 hours per work week without at least some overtime pay, and they have provided an estimate of the number of overtime hours worked. That is sufficient at this stage of the litigation.

USN also challenges Plaintiffs' regular-rate allegations regarding guaranteed pay, per diems, or bonuses. At oral argument, Plaintiffs' counsel conceded that they do not presently have all the underlying facts regarding these allegations, but request that any dismissal be without prejudice so they can amend later to re-add these claims after they obtain discovery from USN. The Court finds that this is not an efficient way to manage its docket. These are essentially fact questions that can be resolved during discovery—which will go forward on Plaintiffs' FLSA overtime claim regardless—and the specifics as to each Plaintiff's injury can be resolved at summary judgment or trial.

The Court concludes that, giving the FAC the deference required at the Rule 12 stage, Plaintiffs sufficiently state a claim under the FLSA.

### b. State Law Claims

Because the Court declines to dismiss Plaintiffs' FLSA claim, it can and will exercise supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.").

The Court rejects USN's argument that dismissal of the state law claims is warranted as they duplicate those brought in the Southern District of California in *Greene v. U.S. Nursing, et. al*., Case No. 3:24-cv-01796-BTM-DTF (S.D. Cal 2024). *Greene* is a putative class action and Plaintiffs' counsel represented to the Court that Plaintiffs will opt out of any certified class. Therefore, there is no duplication of parties between that action and this one. The first-to-file doctrine is inapplicable.

USN also contends that Plaintiffs' state law claims fail under Rule 12(b)(6). The Court cannot agree. As to the minimum wage and overtime claims, as noted above, the FAC sufficiently alleges that USN did not compensate Plaintiffs for all the hours they worked and that Plaintiffs worked more than California's overtime threshold, which is enough to state a claim under California law. *See Armenta v. Osmose, Inc*., 135 Cal. App. 4th 314, 324, (2005) ("California's labor statutes reflect a strong public policy in favor of full payment of wages for all hours worked. We conclude, therefore, that the FLSA model of averaging all hours worked 'in any work week' to compute an employer's minimum wage obligation under California law is inappropriate. The minimum wage standard applies to each hour worked by respondents for which they were not paid.");

*Alvarado v. Dart Container Corp. of Cal.*, 411 P.3d 528, 533 (2018) (recognizing that California statutes and wage order "are more protective of workers than federal law, which does not require premium pay for workdays in excess of eight hours"), *as modified* (Apr. 25, 2018). And because Plaintiffs adequately allege that USN failed to track or pay for all compensable time, its wage statements necessarily omitted or misrepresented required information. Thus, dismissal of Plaintiffs' wage statement claim under Labor Code § 226(a) and IWC Wage Order No. 4-2001, § 7 is unwarranted.

The FAC also adequately alleges that USN violated Labor Code §§ 512 and 226.7 and IWC Wage Order No. 4-2001 because Plaintiffs claim that they "were required to remain actively engaged in onboarding or clinical tasks, were not relieved of all duties, and were not permitted to leave the onboarding locations, accommodations, or assigned Kaiser facilities." ECF No. 29 ¶ 209. If true, this would violate state law. *See Brinker Rest. Corp. v. Super. Ct*., 273 P.3d 513, 534 (Cal. 2012) ("[T]he wage order's meal period requirement is satisfied if the employee (1) has at least 30 minutes uninterrupted, (2) is free to leave the premises, and (3) is relieved of all duty for the entire period.").

The Court likewise finds that Plaintiffs have stated a claim for a failure to timely pay final wages. Plaintiffs allege that their last day of work was the last day of the strike, i.e., October 6, 2023, but that USN's payroll policy explicitly stated that final payments would not be made until October 9, 2023. ECF No. 29 ¶¶ 217, 219. Plaintiffs contend that, if true, this would violate state law, which requires that all earned and unpaid wages be paid immediately upon discharge. *Id.* ¶ 216 (citing Cal. Lab. Code §§ 201(a), 201.3(b)(4); IWC Wage Order No. 4-2001, §§ 3–4 and 20). The FAC references

8

numerous instances where Plaintiffs received untimely post-discharged payments, *id.* ¶¶ 88–116, and states that "Plaintiffs who lack complete payroll documentation nonetheless recall receiving one or more wage payments after their October 6 discharge." The Court finds that this satisfies Rule 12(b)(6)'s requirements.

As to Plaintiffs' breach of contract claim, the Court finds that the FAC alleges that Plaintiffs and USN entered into Strike Agreements and that USN violated those contracts by, among other things, not paying Plaintiffs for onboarding and early-arrival hours. Plaintiffs seek damages for those unpaid wages. These allegations survive a Rule 12(b)(6) challenge.

Finally, USN notes that Plaintiff Aisha King is an opt-in plaintiff in *Egan v. Fastaff, LLC*, No. 1:22-cv-03364-CYC (D. Colo. 2023), and argues that she should be dismissed to avoid the possibility of double recovery. Plaintiffs point out that *Egan* concerns only whether USN excluded housing stipends from the regular rate for travel assignments between 2020 and October 2023. The Court agrees with Plaintiffs that the two lawsuits appear to be premised on different violations. To the extent they do overlap, the Court can revisit the possibility of Ms. King double-dipping at a later date, if necessary.

## IV.   CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that the Motion to Dismiss (ECF No. 33) is **DENIED**. It is further **ORDERED** that the parties shall promptly contact chambers (303-335-2403) to set a Scheduling Conference.

Dated at Denver, Colorado this 23rd day of January, 2026.

_____
N. Reid Neureiter
United States Magistrate Judge