IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01179-NYW-NRN

YAHAIRA ALVAREZ, KAYLA ANDERSON, AYONNA BROWN, TERA CLAY, LACHRISTY COLBERT, LYNN ANN COOPER, DONNA CORPORON, KATHERINE DECATUR, TIFFANY DENBY, BEVERLY DILBECK, DESTINY DUMAS, LASCHELLE FEATHERSTON-OLSON, CHRISTIAN FORD, LATASHA HAMILTON, CRYSTAL JULES, AISHA KING, JASLYN LANCLOS, JAHMELIA LEWIS, JESSE LEWIS, TAYZIA LOWENSTEIN, MONIQUE LYTTLE, JAZALENE MARSHALL, LATRICE ODOM, VICKI PATTERSON, MAYAH PERKINS-WILSON, SHARON PRESTON, JUNIOR PROPHETE, ERNESTO QUINTERO, KEISHA RICHEY, DINA SMITH, REFUGIO VILLASENOR, TARA WALBURGER, RIKKI WILLIAMS, and LORI WOODFORD,

Plaintiffs,

v.

U.S. NURSING CORPORATION, d/b/a U.S. NURSING, a Colorado corporation,

Defendant.

---

**ORDER TO SHOW CAUSE**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court upon the consent of the parties to magistrate judge jurisdiction, ECF No. 26, and an Order of Reference entered by Chief Judge Daniel D. Domenico on July 9, 2025, ECF No. 28.

A Scheduling Conference was held on February 27, 2026, at which a Telephonic Status Conference was set for August 20, 2026 at 11:00 a.m. ECF No. 47. Rod M. Johnston, counsel for Plaintiffs, was present during the Scheduling Conference. However, Mr. Johnston failed to attend the August Telephonic Status Conference, and attempts by the Courtroom Deputy and defense counsel to reach him by phone and

email were unsuccessful. *See* ECF No. 48. The matter was set over for a further Status Conference for September 3, 2026. *Id.* Mr. Johnston was warned in the Courtroom Minutes that "his failure to appear at the telephonic status conference on September 3, 2027 may result in sanctions, including the dismissal of the case for failure to appear and failure to prosecute." *Id.*

Mr. Johnston did not appear at the September 3, 2026 Status Conference. *See* ECF No. 49. Defense counsel informed the Court that Mr. Johnston has not engaged in discovery and that she has been unable to reach him by email or telephone. *Id.* The Court advised that a Show Cause Order would be issued as to why Mr. Johnston should not be referred to the Committee on Conduct for his repeated failures to appear. *Id.* Moreover, as this case cannot proceed without Plaintiffs' counsel's participation, Mr. Johnston must show cause why dismissal of the action is not appropriate.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A)(ii)–(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)–(vii) (emphasis added).

D.C.COLO.LCivR 41.1 further provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**ORDERED** that on or before **September 18, 2026**, attorney Rod M. Johnston **shall show cause in writing** why:

1. He should not be referred to the District's Committee on Conduct for his repeated, unexplained failures to appear for proceedings before this Court; and
2. This case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b), and D.C.COLO.LCivR 41.1.

**<u>Mr. Johnston is hereby expressly warned that a failure to comply will result his referral to the Committee on Conduct, and in the dismissal of this case without prejudice.</u>**

Dated: September 4, 2026
Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge